UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

**In re:**

**The Table, LLC,**　　　　　　　　　　　　　　**Case No.: 6:16-bk-07294-RAC**
　　　　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**
　　**Debtor.**
_____/

**ACTING UNITED STATES TRUSTEE'S EXPEDITED MOTION TO DISMISS
OR CONVERT CASE TO CHAPTER 7, OR IN THE ALTERNATIVE,
TO APPOINT A CHAPTER 11 TRUSTEE OR EXAMINER**

Guy G. Gebhardt, Acting United States Trustee for Region 21 ("UST"), moves this Court to enter an order dismissing this case, or converting this case to Chapter 7, pursuant to 11 U.S.C. § 1112(b) for cause, including the Debtor's failure to comply with (i) routine requests for information and documents from the UST; and (ii) the requirements set forth in Orders of this Court and the Bankruptcy Code. In the alternative, the UST seeks the entry of an order appointing a Chapter 11 trustee or examiner pursuant to 11 U.S.C. § 1104. In support, the UST states:

**STANDING**

1.　The United States Trustee has standing to file motions to dismiss or convert chapter 11 cases, and to seek the appointment of a Chapter 11 trustee or examiner, under 11 U.S.C. §§ 307, 1104(a), 1104(c) and 1112(b)(1), as well as 28 U.S.C. § 586. *See also* Collier on Bankruptcy ¶ 1112.04[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

**FACTUAL BACKGROUND**

2. On November 7, 2016 ("Petition Date"), The Table, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, thereby initiating the instant case.

3. As reflected in the Debtor's Case Management Summary (Doc. No. 3), the Debtor owns and operates restaurant known as the Pharmacy ("Restaurant") located at 8060 Via Dellagio Way, Suite 106 in Orlando, Florida (the "Premises"). Case Management Summary at 1. The Debtor leases the Premises. Id.

4. According to the Debtor's Petition (Doc. No. 1), the Debtor is a small business as defined in 11 U.S.C. § 101(51d). As such, pursuant to 11 U.S.C. § 1116(1), the Debtor is required to append to its voluntary petition, its most recent balance sheet, statement of operations, cash-flow statement and federal income tax return; or a statement made under penalty of perjury that no balance sheet, statement of operations or cash-flow statement has been prepared and no federal tax return has been filed. 11 U.S.C. § 1116(1). As of the date of this motion, more than ten weeks after the Petition Date, the Debtor has failed to comply with the requirements set forth in 11 U.S.C. § 1116(1).

5. On November 8, 2016, the Court entered its Order Authorizing Debtor-In-Possession to Operate Business (Dkt. No. 7; the "Operating Order"). Pursuant to paragraph six of the Operating Order, the Debtor is required to file by the twenty-first day of the month succeeding each calendar month a monthly operating report ("MOR") containing specified financial information for each month while this case is pending in

Chapter 11. Operating Order at ¶ 6. As of the date of this motion, the Debtor has not filed MORs for November or December of 2016, which MORs were due to be filed on or before December 21, 2016 and January 21, 2017, respectively. As such, it is not possible to tell if the Debtor is meeting its post-petition obligations in a timely manner or accruing administrative expenses. *See* 11 U.S.C. §§ 1112(b)(4)(E) and (F).

6. This Court's Operating Order also requires that the Debtor cooperate with the UST "by furnishing such additional information as the [UST] may reasonably require in supervising the administration of the estate." Operating Order at ¶ 7. Since soon after the Petition Date, the UST has made multiple requests for the Debtor to provide certain documentation routinely required in every Chapter 11 case pursuant to, among other things, the Operating Guidelines and Reporting Requirements for Debtors and Debtors-in-Possession and Chapter 11 Trustees (the "<u>UST Guidelines</u>"). Despite these requests, the Debtor has failed to provide to the UST the following documents:

    a. Bank statements for the following bank accounts:

        1. SunTrust (account ending in 8688) for the period August 1, 2016 to October 31, 2016;

        2. Regions (account ending in 9541) for the period August 1, 2016 to November 7, 2016; and

        3. SunTrust (account ending in 0623) for the period August 1, 2016 to November 7, 2016;

    b. The cash flow reconciliation created by Mr. Jensen;

      c.      Various note agreements for the insider debt on Bankruptcy Schedule E/F;

      d.      The Debtor's lease agreement;

      e.      The Debtor's LLC operating agreement; and

      f.      A current budget.[1]

(collectively, the "Required Documents").

7.      On December 12, 2016, the UST held and concluded the Debtor's Section 341 Meeting of Creditors ("341 Meeting"). The following members of the Debtor provided testimony at the 341 Meeting: (i) Mr. Dominick Tardugno; (ii) Ms. Loren Brassil; and (iii) Mr. Kyle Jensen. At the 341 Meeting, the UST noted concerns about the following issues:

      a.      On Schedule A/B, the Debtor indicates it has a "potential cause of action against member" of "unknown" value. (Dkt. No. 19 at 7.) When questioned about this cause of action at the 341 Meeting, Mr. Tardugno stated that the Debtor operated a checking account (used for credit card collections) with ATM cards held by three members: (i) Ms. Brassil; (ii) Mr. Tardugno; and (iii) Mr. Tyler Brassil. In the two years leading up to the Petition Date, there were allegedly unaccounted for cash withdrawals from this checking account in the approximate amount of $6,000 to $8,000 per month, or somewhere between $144,000 and $192,000. While the new debtor-in-possession bank account has

---

[1] The UST asserts that a budget is necessary under the circumstances of this case, where there is no other budgetary information set forth in the record and, as set forth below, representatives of the Debtor testified that a significant amount of money has gone missing from its bank accounts over the past two years prior to the Petition Date.

4

only two signatories acting post-petition (Ms. Brassil and Mr. Tardugno), these three members remain involved in the Debtor's daily business operations.

    b.    The Debtor continues to utilize petty cash but does not keep formal records for its use.

    c.    On its Statement of Financial Affairs (Dkt. No. 19; "SOFA"), the Debtor indicated that it had two losses within one year before filing: (i) "Apple iPad – Stolen from Restaurant;" and (ii) "Apple iPad Mini." (Dkt. No. 19 at 18.) When questioned about these losses, Ms. Brassil indicated that there were no police reports filed and there is no surveillance system in place.

8.    On January 13, 2017, the Debtor filed Motion to Pay Officers and Insiders of the Debtor (Dkt. No. 25; the "Salary Motion"), requesting to compensate Mr. Tardugno and Ms. Brassil gross monthly salaries in the amount of $3,200 each plus benefits, and representing that in the immediate twelve months prior to the Petition Date, the Debtor paid to Mr. Tardugno and Ms. Brassil this same amount of compensation. However, the Debtor's SOFA reflects that there were no payments, distributions, or withdrawals credited or given to insiders within the year before the Petition Date. Given this inconsistency, it is not clear as to the precise amounts of compensation historically paid to the Debtor's insiders pre-petition, if any. The UST raised concerns about the amount of pre-petition insider compensation at the 341 Meeting; however, the Debtor has yet to amend its SOFA to address same.

## ANALYSIS

**Dismissal or Conversion Pursuant to 11 U.S.C. Section 1112**

9. Pursuant to 11 U.S.C. § 1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court shall dismiss or convert a chapter 11 case, whichever is in the best interest of creditors.

10. A non-exhaustive list of examples of "cause" warranting dismissal or conversion is set forth in 11 U.S.C. § 1112(b)(4) which includes, without limitation, the following: (i) substantial or continuing loss to or diminution of the Debtor's estate and a lack of reasonable likelihood of rehabilitation; (ii) failure to comply with orders of this Court; (iii) unexcused failure to satisfy timely any filing or reporting requirement established by title 11 or by any rule applicable to a case under Chapter 11; and (v) failure timely to provide information reasonably requested by the UST. 11 U.S.C. §§ 1112(b)(4)(A), (E), (F), and (H).

11. As set forth above, there is cause to dismiss or convert this case due to the following:

    a. The Debtor's failure to comply with the Operating Order;

    b. The Debtor's failure to file MORs as they become due;

    c. The Debtor's failure to provide to the UST the Required Documents;

    d. The Debtor's failure to file with the Court (i) Section 1116 statement and accompanying documents; (ii) an amended SOFA to reflect the disclosures made at the 341 Meeting regarding the compensation of insiders within the one year before the Petition Date; and

  e. Substantial, and possibly continuing, losses to, and diminution of, estate assets, including personal property and funds in the Debtor's bank accounts.

12. Without MORs or a current budget, the UST cannot properly monitor the Debtor's progress during this case. Additionally, the UST cannot ascertain whether the alleged pre-petition mismanagement or diminution of estate property is continuing post-petition.

13. The matters set forth above constitute grounds for the dismissal or conversion of this case under 11 U.S.C. § 1112(b) for cause, and this case should be dismissed or converted to a case under Chapter 7.

**Appointment of a Chapter 11 Trustee or Examiner**

14. In the event this Court is not inclined to dismiss or convert this case for cause pursuant to section 1112, then the UST seeks the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a).[2]

15. Section 1104(a) of the Bankruptcy Code provides as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current

---

[2] Section 1104(e) directs the UST to move for appointment of a trustee under 11 U.S.C. § 1104(a) if "there are reasonable grounds to suspect that current members of the governing body of the debtor" or "members of the governing body who selected the debtor's chief executive or chief financial officer" participated in wrongdoing. The UST specifically reserves its right to seek the appointment of a trustee pursuant to subsection 1104(e) should it become necessary to do so upon the completion of discovery.

>management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
>(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a).

16.  Through section 1104(a)(1), Congress has mandated that the chapter 11 debtor-in-possession, which acts as a fiduciary of the creditors of the bankrupt estate, be an honest broker. *See Wolf v. Weinstein*, 372 U.S. 633, 651 (1963) (acknowledging the willingness of courts to leave debtors in possession "is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee"); *In re V. Savino Oil and Heating Co.*, 99 B.R. 518, 526 (Bankr. E.D.N.Y. 1989) (stating that "the willingness of Congress to leave a debtor-in-possession is premised on an expectation that current management can be depended upon to carry out the fiduciary responsibilities of a trustee. And if the debtor-in possession defaults in this respect, Section 1104(a)(1) [of the Code] commands that stewardship of the reorganization effort must be turned over to an independent trustee.") (cited with approval in *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 474 (3d Cir. 1998)).

17.  The UST asserts that the same cause that exists to support the dismissal or conversion of this case pursuant to section 1112 as set forth above also constitutes cause for the appointment of a Chapter 11 trustee pursuant to section 1104.

18.     Most importantly, the UST is concerned about the alleged misallocation of substantial funds from the Debtor's bank account(s) by insiders who may have current access to the Premises, the Restaurant and the Debtor's bank account(s).  Based on the schedules filed in this case and the testimony provided at the 341 Meeting, there are allegations of serious wrongdoing perpetrated by one or more of the current members that are participating in the ongoing management of the Debtor.

19.     If the Court is not inclined to appoint a trustee, then the UST seeks the appointment of an examiner to investigate the Debtor's affairs, including, without limitation, the disposition of the unaccounted for funds from the Debtor's bank accounts.

20.     Section 1104(c) states:

> If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if—
>
> (1)   such appointment is in the interests of creditors, any equity security holders, and other interests of the estate[.]

11 U.S.C. § 1104(c).

21.     Such appointment of an examiner is mandated pursuant to Section 1104(c) because under the circumstances of this case, such appointment is in the interests of creditors and the estate as set forth in section 1104(c)(1). *See In re JNL Funding Corp.*, 10-73724, 2010 WL 3448221, at *3 (Bankr. E.D.N.Y. Aug. 26, 2010) ("Such

appointment allows for a thorough, independent, and expeditious examination to be made into serious allegations" and "also potentially avoids the excessive expense to the estate and all parties" of duplicative investigation and litigation regarding the alleged misconduct.)

22. In this case, an investigation of the alleged misallocated funds and potential misconduct and mismanagement is appropriate.

## CONCLUSION

23. For the reasons set forth above, the UST respectfully requests that the Court enter an order dismissing this case or converting this case to a case under chapter 7 for cause pursuant to Section 1112(b), or in the alternative, that the Court enter an order appointing a Chapter 11 trustee or an examiner pursuant to Sections 1112(b) and 1104.

## RESERVATION OF RIGHTS

24. The UST reserves the right to proceed at the hearing on this motion and present evidence to address any deficiency present in any subsequently-filed or transmitted documents, or alternatively, reserves the right to amend this motion to address same.

WHEREFORE, the UST requests the Court enter an Order granting this motion, dismissing or converting the Debtor's case to chapter 7, or in the alternative, appointing a chapter 11 trustee or an examiner, and granting such other and further relief as is just and appropriate.

DATED: January 23, 2017.   Respectfully Submitted,

Guy G. Gebhardt
Acting United States Trustee
Region 21

  /s/   Jill E. Kelso
Jill E. Kelso, Trial Attorney
Florida Bar No.: 0578541
Office of the United States Trustee
U.S. Department of Justice
400 W. Washington St., Suite 1100
Orlando, Florida 32801
Telephone No.:   (407) 648-6301, Ext. 137
Facsimile No.:   (407) 648-6323
Email:   jill.kelso@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, United States Trustee's Motion to Reopen Case and for Appointment of a Trustee, has been served on January 23, 2017, through CM/ECF on parties having appeared electronically in the instant
matter, and by U.S. Mail on the following:

The Table, LLC
8060 Via Dellagio Way
Suite 106
Orlando, FL 32819

  /s/   Jill E. Kelso
Jill E. Kelso, Trial Attorney