**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

**In re:**

| | |
|---|---|
| **THE TABLE, LLC,** | Case No.: 6:16-bk-7294-RAC |
| | Chapter 11 |
| **Debtor.** | EIN: 45-3617468 |

_____/

**NOTICE OF RULE 2004 EXAMINATION DUCES TECUM OF**
**TYLER BRASSIL, MANAGER, THE TABLE, LLC**

**PLEASE TAKE NOTICE** that **THE TABLE, LLC,** the Debtor, by and through its undersigned attorney, will examine Tyler Brassil, Manager of The Table, LLC ("Brassil"), pursuant to Rule 2004 of the Bankruptcy Code (the "2004 Exam"), at a time, on the date, at the hour, at the place indicated from day to day until completed. The examination will be recorded stenographically. Brassil is required to produce the documents compliant with the request attached hereto as Exhibit "A" at the 2004 Exam.

| **EXAMINEE** | **TIME AND DATE** | **PLACE** |
|---|---|---|
| Tyler Brassil | Tuesday, June 6, 2017<br><br>At 10:00 a.m. | 1501 E. Concord Street<br><br>Orlando, FL 32803 |

The 2004 Exam will take place before a member of **Milestone Reporting Company**, who is not of counsel to either party or interested in the events of this cause. The 2004 Exam is

1

taken for the purpose of discovery, for use at trial, and for such other purpose as are permitted under Federal Rules of Bankruptcy Procedure 2004 and other applicable law.

Dated this 8th day of May, 2017.

/s/ Jeffrey S. Ainsworth

_____
Jeffrey S. Ainsworth, Esquire
Florida Bar No.: 060769
E-mail: *jeff@bransonlaw.com*
**BransonLaw, PLLC**
Orlando, Florida 32803
Telephone: (407) 894-6834
Facsimile: (407) 894-8559
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**

**THE TABLE, LLC,**                                    Case No.: 6:16-bk-7294-RAC
                                                       Chapter 11

             **Debtor.**                               EIN: 45-3617468
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished, via Bankruptcy Noticing Center and/or via U.S. Mail, this 8th day May, 2017 to: United States Trustee, Office of the United States Trustee, George C. Young Federal Building, 400 W. Washington Street, Suite #3100, Orlando, Florida 32801, Tyler Brassil, 11560 Claymont Circle, Windermere, Florida 34786; Tyler Brassil, c/o James Andrew McCarthy, 915 W. 2nd Avenue, Windermere, Florida 34786-8517; and the Local Rule 1007-2 Parties in Interest Matrix.

/s/ Jeffrey S. Ainsworth
_____
Jeffrey S. Ainsworth, Esquire
**BransonLaw, PLLC**

cc: Milestone Reporting Company – via e-mail: staff@milestonereporting.com

## **EXHIBIT A**

## **DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are to be used or referred to in connection with Brassil's responses to the "Notice of Rule 2004 Examination Duces Tecum of Tyler Brassil, Manager of The Table, LLC" (this "Notice"):

1. The Debtor shall mean The Table, LLC, a Florida limited liability company, and its attorneys, subsidiaries, predecessors, successors, and assigns, and every other person or entity related to, or acting or purporting to act on its behalf.

2. The word "document" shall mean any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information or thoughts can be processer or transcribed, and all copies containing any additional matter, however, produced or reproduced, of any kind and description, in your actual or construction possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matters relevant to this action, or which are themselves listed below as specific documents, including, but not limited, to correspondence, memoranda, notes, messages, letters, telegrams, tele-typed messages, bulletins, diaries, chronological data, e-mails, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data, computer printouts, work-product schedules, newspaper or magazine articles, stories or clippings, affidavits, contracts, transcripts, surveys, graphic representations of any kind, photographs, graphs, microfilms, video tapes, tape recordings, motion pictures or other films. The reference to "document" and all requests referred to herein shall include, but are not limited to, the original, and any and all exemplars thereof, as well as any amendments or modifications thereto.

3. The word "person" shall mean an individual, corporation, company, proprietorship, partnership, trust, association or any other entity.

4. The words "pertain to" or "pertaining to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrated, proves, evidences, shows, refutes, disputes, rebuts, reflects, controverts, or contradicts.

5. "Communication" shall mean every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, document, or otherwise.

6. The words "relating to" means referring to, concerning, responding to, reflecting, indicating, involving, commenting on, regarding, discussing, showing, evidencing, describing, implying, analyzing, or constituting.

7. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation".

8. The word "produce" means to make available the documents and tangible things requested herein for inspection and copying or to furnish legible copies thereof. Documents shall be produced in the order they are kept in the usual course of business or in an order than corresponds with the categories of this request and labeled as such in accordance with Rule 34 of the Federal Rules of Civil Procedure as incorporated herein by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure. If any documents requested is not currently in your possession, custody, or control, so state. If any documents requested was previously in your possession, custody, or control buy is no longer, state the following for each document in your response to this Request for Production:

(a) the type of document (*i.e.*, correspondence, memorandum, etc.);

(b) the date of the document;

(c) any persons(s) who signed the document;

(d) any person(s) who received the document or copy thereof;

(e) identify any person who presently is in possession;

(f) specify the substance of the document; and

(g) identify the disposition of the document, including the date thereof

9. If you withhold production of a document on the grounds of privilege or otherwise, state the following of each document withheld in a privilege log to be served and filed with the court in accordance with the dispositive Rules of Civil Procedure:

(a) the type of document (*i.e.*, correspondence, memorandum, etc.)

(b) the date of the document;

(c) the person who signed the document;

(d) the person who received the document or copy thereof;

(e) the reason for non-production; and the substance of the document.

## **DOCUMENTS TO BE PRODUCED**

1. Any and all written correspondence between Brassil and Florida Department of Revenue between October, 2011, and the present date that relates directly to Debtor.

2. Any and all written correspondence between Brassil and Florida Department of Revenue

between October, 2011, and the present date that relates directly to Stone Rhodes Group, LLC.

3. Any and all written correspondence between Brassil and Internal Revenue Service between October, 2011, and the present date that relates directly to Debtor.

4. Any and all written correspondence between Brassil and Florida Department of Revenue between October, 2011, and the present date that relates directly to Stone Rhodes Group, LLC.

5. Any and all payroll records for any and all employees, contractors, or any other person that received a wage from the Debtor between October, 2011, and the present date that relates directly to Debtor.

6. Any and all payroll records for any and all employees, contractors, or any other person that received a wage from the Debtor between October, 2011, and the present date that relates directly to Stone Rhodes Group, LLC.

7. Any and all payroll tax returns, whether local, state, Federal, or any other jurisdiction, between October, 2011, and the present date that relates directly to Debtor.

8. Any and all payroll tax returns, whether local, state, Federal, or any other jurisdiction, between October, 2011, and the present date that relates directly to Stone Rhodes Group, LLC.

9. Copies of any and all appraisals or documents related to the valuation of the Debtor.

10. Copies of any and all ledgers, account statements or other documents showing payments made by the Debtor to any vendor, landlord, employee, contractor, or any other person or entity.

11. Copies of any and all written communications between the Debtor and any other bank, parties, company, corporation, or person involved in this Bankruptcy case.